[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS TO STRIKE CROSS-CLAIMS
The plaintiffs in these companion cases, Roxie McSwain, administratrix of the estate of David Christopher McSwain and Christopher Lee McSwain, and Crystal Palomba, administratrix of the estate of Carla Palomba, brought suit against the defendants, Robert P. Sullivan et al., for personal injuries and wrongful death resulting from a motor vehicle accident on or about September 17, 1994. In each case, the defendants, Joanne Scully, administratrix of the estate of Sarah Scully and David C. McSwain, Sr., filed a cross claim against Robert P. Sullivan, Joseph Sullivan and Mary Sullivan (hereinafter "the Sullivans"), alleging that the motor vehicle accident was the direct and CT Page 5149-W proximate result of their negligence and carelessness. The prayers for relief of the cross claims seek apportionment from the Sullivans as well as any other relief which in law or equity the court may deem appropriate. Approximately one month after the filing of the cross claims, on or about April 12, 1996, the plaintiffs settled the lawsuit as to the Sullivans which included releases and withdrawal of the claims against them.
The Sullivans move to strike the cross claims on the grounds of legal insufficiency because the cross claims unnecessarily seek to assert an apportionment claim against them when General Statutes § 52-572h allows apportionment between parties. General Statutes § 52-572h provides in relevant part as follows:
 (c) In a negligence action to recover damages resulting from personal injury, wrongful death or damages to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages. . . .
 (f) The jury or, if there is no jury, the court shall specify: (1) The amount of economic damages; (2) the amount of noneconomic damages; (3) any findings of fact necessary for the court to specify recoverable economic damages and recoverable noneconomic damages; (4) the percentage of negligence that proximately caused the injury, death or damage to property in relation to one hundred per cent, that is attributable to each party whose negligent actions were a proximate cause of the injury, death or damage to property including settled or released persons under subsection
 (n) of this section; and (5) the percentage of such negligence attributable to the claimant. (n) A release, settlement or similar agreement entered into by a claimant and a person discharges that person from all liability for contribution, but it does not discharge any other persons liable upon the same claim unless it so provides. However, the total award of damages is reduced by the amount of the CT Page 5149-X released person's percentage of negligence determined in accordance with subsection (f) of this section.
The plaintiffs on the cross claims argue that these claims state legally cognizable causes of action and are necessary to ensure that the issues of apportionment will be properly before the court at the time of trial in light of Supreme Court decision of Donner v. Kearse, 234 Conn. 660, 662 A.2d 1269 (1995). They further assert that if their cross claims are unnecessary to apportion liability, they are superfluous, rather than legally insufficient, and, therefore, should not be stricken in accordance with the reasoning set forth in Labertrandie v.Bridgeport Ambulance, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 304268 (February 10, 1994, Ballen, J.) and Stevens v. Paulus, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 266276 (June 23, 1993, Ballen, J.).[1]
Practice Book § 116 provides in pertinent part that defendants may file counterclaims against any plaintiff and cross claims against any codefendant provided that such claims arise out of a transaction which is the subject of the complaint. It further provides that a defendant may file a cross claim against any other party "for the purpose of establishing that party's liability to the defendant for all or part of the plaintiff's claim against that defendant."
The only relief sought in the cross claims is a determination of the percentage of negligence attributable to the Sullivans.[2]
Because these claims are for apportionment only and do not seek affirmative relief, this court finds that the cross claims do not state legally sufficient causes of action. Samela v. Reed, Superior Court, judicial district of Litchfield, Docket No. 068641 (December 1, 1995, Pickett, J.) (a counterclaim which fails to seek affirmative relief and seeks only apportionment of damages is legally insufficient); Lodge v. Arett Sales Corp.,
Superior Court, judicial district of Waterbury, Docket No. 098122 (March 17, 1995, Pellegrino, J.) (a counterclaim fails procedurally when it does not seek affirmative relief); Agolli v.Hall, Superior Court, judicial district of Waterbury, Docket No. 116463 (July 13, 1994, Pellegrino, J.) (a counterclaim which seeks apportionment of liability and not affirmative relief is legally insufficient); Walker v. Broadcannon Associates, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 282067 (July 16, 1993, Leheney, J.) (because a cross claim for CT Page 5149-Y apportionment does not seek affirmative relief, it does not constitute a "cause of action"); Watson v. Boykin, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 385205 (August 24, 1992, Burns, J.) (a cross claim for apportionment does not set forth a cause of action because cross claiming party could not have brought a separate action); Torresv. Mejias; Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 396507 (July 20, 1992, Wagner, J.) (a counterclaim seeking apportionment of liability is legally insufficient); Miller v. Dickinson, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 296918 (March 7, 1991, Schimelman, J.) (cross claim seeking apportionment of liability fails to seek legal or equitable relief of any recognizable kind).
This court agrees with the reasoning set forth in the aforementioned cases. Since the Sullivan defendants are clearly "settled or released parties" within the meaning of § 52-572h and subject to apportionment, the court further finds that the cross claiming plaintiffs' reliance on Donner v. Kearse, supra, is misplaced. The Sullivans' motions to strike the cross claims are therefore granted.
/s/ Peck, J. ----------------------- PECK